**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dewayne Outley, Jr., | No. CV-18-02753-PHX-GMS (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Paul Penzone, et al., | |
| Defendants. | |

Plaintiff Michael Dewayne Outley, Jr. ("Plaintiff") brings this pro se civil rights action against Defendant Maricopa County Sheriff Paul Penzone, Detention Captain Jesse Spurgin, and Unknown Vail (collectively "Defendants") alleging, *inter alia*, violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA) (Doc. 82). Plaintiff is Muslim. He explains that "under Islamic tenets it's a nudity taboo to be viewed in the nude or to bath or shower if others can view you." (Doc. 82 at 4.) Thus, in Count One of the Second Amended Complaint, Plaintiff asserts that the surveillance cameras in the shower areas of Maricopa County Sheriff's Office ("MCSO") jails violate his rights under RLUIPA.

Plaintiff, however, is no longer housed in a unit that uses cameras to survey the shower areas. Instead, Plaintiff is currently housed in the Special Management Unit ("SMU") where he can shower inside his cell out of view of any cameras. Plaintiff asserts that he intends to remain in SMU until he is sentenced, transferred, or released because "at

least [in SMU he] can observe [his] religious tenets daily." (Doc. 82 at 5.)

Under RLUIPA, a plaintiff cannot sue for monetary damages and may only sue defendants in their official capacities for prospective injunctive relief. *See Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 840 (9th Cir. 2012) (holding that "appropriate relief" provision in Religious Freedom Restoration Act, like RLUIPA, "could be read as authorizing only injunctive relief"); *see also Sossamon v. Texas*, 563 U.S. 277, 285-86 (2011) (holding that "appropriate relief" in RLUIPA was not sufficiently specific to abrogate state sovereign immunity with respect to money damages).

Generally, "[o]nce an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (quoting *Alvarez v Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012). Thus, in light of Plaintiff's intent to remain in SMU, the Court requests that the parties submit additional briefing to address why Plaintiff's RLUIPA claim in Count One of the Second Amended Complaint is not moot.

**IT IS HEREBY ORDERED** the parties shall submit simultaneous briefing by **Friday, January 17, 2020** to address whether Plaintiff's RLUIPA claim in Count One of the Second Amended Complaint (Doc. 82) is moot in light of Plaintiff's placement in SMU. The briefing shall not exceed five pages in length.

Dated this 3rd day of January, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge